BRANCART & BRANCART
  Christopher Brancart (SBN 128475)
  Elizabeth N. Brancart (SBN 122092)
Post Office Box 686
Pescadero, CA 94060

Tel:  (650) 879-0141
Fax:  (650) 879-1103

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CRYSTAL BODELY, et al., | Case No. C-04-00375 SBA |
| Plaintiffs, | COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY |
| vs. | |
| JOANNE THOMPSON, et al., | |
| Defendants. | |

## I. INTRODUCTION

1. This action seeks monetary, declaratory and injunctive relief against defendants for discriminating against families with children in the operation of their real estate business and rental property based on familial status in violation of the federal Fair Housing Act and related federal and state laws.

///
///
///
///
///
///
///

## II. **JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. section 1331 in that the claims alleged herein arise under the laws of the United States. This Court has supplemental jurisdiction pursuant to 28 U.S.C. section 1367 to hear and determine plaintiffs' state law claims because those claims are related to plaintiffs' federal law claims and arise out of a common nucleus of related facts. Plaintiffs' state law claims are related to plaintiffs' federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution.

3. Pursuant to Local Rule 3-2, venue is proper in the San Francisco Division because the claims alleged herein arose within San Mateo, California.

## III. **PARTIES**

4. Plaintiff Crystal Bodely ("Ms. Bodely") resides with her three minor children, Tayadi, whose date of birth is May 21, 1996; Dexter, whose date of birth is January 1, 1998; and Cheyanne, whose date of birth is June 7, 2000, in San Carlos, California.

5. Defendant JoAnne Thompson is a licensed real estate salesperson doing business as JAT Realty. Ms. Thompson is licensed to operate as a salesperson under supervision of her broker, defendant Bradfield Thompson.

6. Defendants Clarence Gagliani and Josephine Gagliani, husband and wife, own and operate a rental premises located at 1201 Maple Avenue in San Mateo, California ("Maple Apartments"). The Maple Apartments constitute dwellings within the meaning of the federal Fair Housing Act and related state laws.

## IV. **FACTS**

### A. INTRODUCTION

7. Defendants, acting individually or in concert, directly or through agents, have engaged in a pattern or practice of discrimination against families with children, including the Bodely family, on account of familial status in the operation of JAT Realty and the Maple Apartments. Defendants continue to engage in such a pattern or

practice of discrimination so as to constitute a continuing violation.   Defendants' unlawful conduct includes commission of the following discriminatory housing practices:

      A.    Discouraging any person from inspecting or renting a dwelling because of familial status;

      B.    Discouraging the rental of a dwelling because of familial status by exaggerating drawbacks or failing to inform any person of desirable features of a dwelling;

      C.    Steering any person to a particular dwelling or neighborhood because of familial status;

      D.    Expressing to renters or any other person a preference for or limitation on any renter because of familial status;

      E.    Limiting information, by word or conduct, regarding suitably priced dwellings available for inspection or rental because of familial status;

      F.    Providing false or inaccurate information regarding the availability of a dwelling for rental to any person, including testers, regardless of whether such person is actually seeking housing, because of familial status; and,

      G.    Imposing an occupancy restriction on the number of persons who may occupy a dwelling for the purpose or with the effect of excluding families with children.

8.    In the alternative, defendants have negligently failed to hire, train, supervise and discipline their agents and employees, and themselves in order to conform the operation of JAT Realty and the Maple Apartments to the standard of care for the industry.

///

///

///

## B. THE BODELY COMPLAINT

9. Sometime before August 27, 2003, Mr. and Mrs. Gagliani listed an apartment for rent at the Maple Apartments with JAT Realty, employing Ms. Thompson as their agent. The apartment for rent was a large two bedroom with two bathrooms. Ms. Thompson placed a For Rent sign in front of the Maple Apartments, announcing an apartment for rent and directing prospective residents to contact JAT Realty for information.

10. In August 2003, Ms. Bodely was searching for rental housing for herself and her three children. On or about August 27, 2003, Ms. Bodely observed the JAT For Rent sign posted in front the Maple Apartments, and telephoned JAT to arrange for an appointment to inspect the premises. Ms. Bodely contacted Ms. Thompson, inquiring about rental at the Maple Apartments. Ms. Thompson stated that there was an apartment for rent at the Maple Apartments. But after learning that Ms. Bodely was seeking housing for herself and her three children, Ms. Thompson told Ms. Bodely that Ms. Bodely could not inspect, apply to rent, or rent an apartment at the Maple Apartments because she had children.

11. On August 29, 2003, Ms. Bodely contacted Project Sentinel, the fair housing center serving San Mateo, complaining about discrimination against families with children by defendants.

## C. THE FAIR HOUSING COUNCIL INVESTIGATION

12. In response to Ms. Bodely's complaint, Project Sentinel investigated the operation of JAT Realty and the Maple Apartments using fair housing testers. The testing revealed that defendants discriminated on the basis of familial status.

///
///
///
///
///

1      13. On August 29, 2003, tester Susan,[1] posing as a married woman with three children, contacted Ms. Thompson, requesting information about rental at the Maple Apartments for herself and her family. Ms. Thompson stated that there was a vacancy available at the Maple Apartments, but told Susan that she could not inspect, apply to rent, or rent the apartment because, "I'm afraid it's not big enough for four."

    14. On September 2, 2003, tester Ellen, posing as a married woman living with two elderly parents, contacted Ms. Thompson, requesting information about rental at the Maple Apartments for herself and her family. Ms. Thompson stated that there was a vacancy available at the Maple Apartment, but told Ellen that she could not inspect, apply to rent, or rent the apartment because, "it won't be big enough. The owner won't take four persons."

    15. On September 2, 2003, tester Dana, posing as a single mother with two children, contacted Ms. Thompson, requesting information about rental at the Maple Apartments for herself and her family. Ms. Thompson stated that there was a vacancy available at the Maple Apartments, but told Dana that she could not inspect, apply to rent, or rent the apartment because the owners "don't want children at all." Ms. Thompson then offered to show Dana an apartment in South San Francisco, stating, "But I do have a two bedroom in south city that allows children."

    16. Sometime after September 2, 2003, defendants rented the vacancy at the Maple Apartments to a married couple without children.

///
///
///
///

---

[1] Throughout this complaint, the testers are identified by identification codes only. Because the efficacy of fair housing testing depends upon the anonymity of testers, the full name of each tester will not be disclosed until after entry of a protective order requiring defendants to treat the identity of testers as confidential information, which may be used solely for purposes of this litigation.


**D.  INJURIES**

17.   By reason of defendants' unlawful acts and practices, Ms. Bodely and her children have suffered loss of an important housing opportunity, violation of her civil rights, and emotional distress and physical injury, humiliation and mental anguish, including bodily injury, and other special and general damages according to proof. Accordingly, Ms. Bodely and her children are entitled to compensatory damages.

18.   In doing the acts of which plaintiffs complain, defendants and their agents and employees acted with reckless disregard for plaintiffs' civil rights.  Accordingly, all plaintiffs are entitled to punitive damages.

19.   There now exists an actual controversy between the parties regarding defendants' duties under the federal and state fair housing laws.  Accordingly, all plaintiffs are entitled to declaratory relief.

20.   Unless enjoined, defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.  Plaintiffs have no adequate remedy at law.  Plaintiffs are now suffering, and will continue to suffer, irreparable injury from defendants' acts and pattern or practice of discrimination based on familial status unless relief is provided by this Court.  Accordingly, all plaintiffs are entitled to injunctive relief.

**V.  CLAIMS**

**A.  FIRST CLAIM**

**[Fair Housing Act]**

21.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 20 of the complaint herein.

22.   Defendants have injured plaintiffs by committing discriminatory housing practices in violation of the federal Fair Housing Act, 42 U.S.C. section 3601 et seq.

///

///

///

**B. SECOND CLAIM**

**[California Fair Employment and Housing Act]**

23. Plaintiffs reallege and incorporate by reference paragraphs 1 through 20 of the complaint herein.

24. Defendants have injured plaintiffs by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, California Government Code section 12955, et seq.

**C. THIRD CLAIM**

**[California Unruh Civil Rights Act]**

25. Plaintiffs reallege and incorporate by reference paragraphs 1 through 20 of the complaint herein.

26. Defendants injured plaintiffs by committing unlawful practices in violation of the Unruh Civil Rights Act, California Civil Code section 51, et seq.

**D. FOURTH CLAIM**

**[Unfair Business Practices]**

27. Plaintiffs reallege and incorporate by reference paragraphs 1 through 20 of the complaint herein.

28. In acting as herein alleged, defendants have engaged in a pattern or practice of unlawful discrimination in the operation of JAT Realty and the Maple Apartments, each of which is a business establishment, and therefore have engaged in acts of unfair competition as the same is defined in section 17200 of the Business & Professions Code.

29. In bringing this action for relief, plaintiffs are acting in the interest of themselves and the general public pursuant to the California Business and Professions Code section 17204.

///
///
///

### E.  FIFTH CLAIM

### [Negligence]

30.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 20 of the complaint herein.

31.  Defendants owed plaintiffs a duty to operate JAT Realty and the Maple Apartments in a manner that was free from unlawful discrimination and in accordance with the standards of care for that industry.  Defendants negligently violated that duty. Defendants' breach of that duty was the result of negligence, including but not limited to:

    A.  Defendants' negligent failure to train their employees and themselves regarding the requirements of state and federal fair housing laws;

    B.  Defendants' negligent failure to hire persons who were familiar with the requirements of state and federal fair housing laws;

    C.  Defendants' negligent failure to supervise their employees regarding compliance with the requirements of state and federal fair housing laws;

    D.  Defendants' negligent failure to discipline or terminate employees who failed to comply with the requirements of state and federal fair housing laws; and,

    E.  Defendants' negligent failure to operate the Maple Apartments in accordance with the standard of care of the industry.

### VI.  **RELIEF**

Wherefore, plaintiffs pray for entry of judgment against defendants that:

1.  Awards compensatory, statutory and punitive damages according to proof;

2.  Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

3. Enjoins all unlawful practices complained about herein and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all persons acting in concert or participating with them, to take affirmative action to provide equal housing opportunities to all tenants and prospective tenants regardless of familial status;

4. Awards costs of this action, including reasonable attorneys' fees; and,

5. Awards all such other relief as the Court deems just.

Dated:  January __, 2004.

                    Respectfully submitted,

                    BRANCART & BRANCART

/s/
Christopher Brancart
Attorneys for Plaintiffs

## VII.  **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby request a trial by jury.

Dated:  January __, 2004.

                    Respectfully submitted,

                    BRANCART & BRANCART

/s/
Christopher Brancart
Attorneys for Plaintiffs